UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Infinity,

        Petitioner,

v.

Executive Office for United States Attorneys,

        Respondent.

Civil Action No. 1C 0702

## MEMORANDUM OPINION

The plaintiff has filed an application to proceed without prepayment of fees and a pro se petition for a writ of mandamus. The application will be granted and the petition will be dismissed for failure to state a claim upon which relief may be granted.

The plaintiff is a prisoner at Ironwood State Prison in Blythe, California, who is identified by the single name, Infinity. He has filed a petition for a writ of mandamus against the Executive Office for United States Attorneys ("EOUSA"), seeking an order compelling the respondent to disclose the names of the persons responsible for programming the Social Security Administration's computer system so that it requires two names in order to generate a Social Security card. Petition at 1-3.[1]

The request for mandamus relief requires that this petition be dismissed. The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances"

---

[1] The plaintiff states that he has "generated a request to the Social Security Administration under the Freedom of Information Act (FOIA)." *Id.* at 3. The Court notes that the EOUSA is not the entity which would have the information the plaintiff seeks, even if the requested information were available under the FOIA.

warranting "a judicial usurpation of power" will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289 (1988) (internal quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.,* 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State,* 170 F.3d 191 (D.C. Cir. 1999) (per curiam) (internal quotation marks and citation omitted).

The petition does not, and on these facts cannot, establish either that the petitioner has a clear right to the relief requested or that the respondent has a clear duty to perform a ministerial act and that this obligation to act is peremptory and clearly defined. Accordingly, the petition will be dismissed without prejudice for failure to state a claim upon which mandamus relief may be granted.

A separate order accompanies this memorandum opinion.

Date: April 28, 2010

United States District Judge